UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PACIFIC COAST TRAILERS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COZAD TRAILER SALES, LLC, a limited liability company; TOM PISTACCHIO and DELORES PISTACCHIO, and their marital community,<br><br>　　　　Defendant. | NO. CV-10-111-EFS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CHANGE OF VENUE** |

A hearing occurred in the above-captioned matter on July 21, 2010. Kevin W. Roberts appeared for Pacific Coast Trailers ("PCT"); Brian H. Krikorian appeared on behalf of Defendants Cozad Trailer Sales, LLC ("Cozad") and Tom and Delores Pistacchio (collectively, "Defendants"). Before the Court was Defendants' Motion for Change of Venue (Ct. Rec. 10). For the reasons given below, the Court denies Defendants' motion and retains jurisdiction over this case.

## I. BACKGROUND

The trailer-making Reliance entities included Reliance Trailer Manufacturing Corporation ("Mfg."), a California corporation, and Reliance Trailer Co., LLC ("LLC"), a Spokane company. The two companies

ORDER * 1

shared owners and management. This dispute arose because the parties claim both entities transferred the right to use the RELIANCE trademark.

Cozad's claim to the RELIANCE trademark comes to it through Sterling. Sterling, a Washington bank, lent money to LLC twice, securing the loans with LLC's assets. LLC's manager and registered agent is Brian Ling, a California resident. After LLC defaulted on the loans, it filed a Chapter 11 bankruptcy petition in the Northern District of California. LLC listed the RELIANCE trademark among its assets. Sterling obtained relief from the automatic bankruptcy stay because it had found a purchaser for LLC's assets.

On March 12, 2010, Cozad bought any interest Sterling had in LLC. On March 15, 2010, PCT entered into a Licensing Agreement with Mfg., whereby PCT obtained exclusive use of the RELIANCE trademark and logo. One of the two Reliance entities did not own the trademark and transferred it without title.

According to Defendants, Mr. Ling, a principal of both LLC and Mfg., said that the trademarks were the exclusive property of LLC. Defendants also say that PCT knew Cozad was negotiating with Sterling for the trademarks, and thus that they were LLC's property.

PCT tells it differently. Joe Mayo, a PCT employee, claims to have determined after investigation that Mfg. owned the RELIANCE trademark. Furthermore, PCT says that Sterling specifically did not warrant to Cozad that it had title to that trademark, and Cozad told PCT that it was concerned some other entity owned the trademark.

After PCT filed this preemptive action to put the kibosh on Cozad's use of the RELIANCE trademark, Cozad sued PCT, both Reliance entities, Mr. Ling, and others in the Eastern District of California to enforce its

ORDER ~ 2

rights to the trademark. The defendants in that case moved to dismiss for improper venue and lack of personal jurisdiction.

## II. DISCUSSION

**A. Standard**

A party may move to transfer venue under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." When deciding a motion to transfer venue, a court considers the following factors: 1) the state most familiar with the governing law; 2) plaintiff's choice of forum; 3) the parties' contacts with the forum; 4) events in the chosen forum related to the cause of action; 5) differences in cost of litigation between the two forums; 6) availability of compulsory process for non-party witnesses; and 7) ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The plaintiff's chosen forum is entitled to less deference if the action has little to do with that forum and witnesses are located elsewhere. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005).

**B. Analysis**

In order to decide who had the right to use the RELIANCE trademark, it is essential to determine which contract validly transferred the rights to the trademark. They cannot both be valid, and it is necessary to determine which one is. The parties to both contracts are in both Washington and California, so the sources of proof and witnesses are likely to be in both jurisdictions. The cause of action arises

exclusively out of Defendants' contacts in Washington, specifically the contract they negotiated with Sterling in this state. And although the contract between PTC and Mfg. is inexplicably governed by Minnesota law, no party attempts to transfer to Minnesota because Mfg. is not a party to this case.

Because the parties and witnesses are in both proposed venues, most of the relevant factors are neutral. Evidence, discovery, and witnesses are split roughly evenly between the two states. Courts in both forums are equally familiar with the trademark law that governs this case, although this Court is in a better position to decide the claims under Washington tort law. The events leading to the suit occurred in both states. And although Defendants' contacts with Washington are not extensive, the suit arises out of their contract negotiations here.[1]

The only factor that weighs significantly in either direction is PCT's choice of this district. While the plaintiff's choice of forum is not entitled to absolute deference, particularly when parties and witnesses are located elsewhere, in this case it is the only factor that informs the Court's decision. And while it will inconvenience Defendants to have to defend themselves in Washington, a court should not grant a

---

[1] PCT's argument that it is not subject to personal jurisdiction in California is not valid grounds to decline to transfer. A transferee court need not have jurisdiction over the plaintiff, but only over the defendants. *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009); *F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d 1081, 1090 (C.D. Cal. 2009). Nevertheless, the relevant factors weigh in favor of retaining the case.

ORDER ~ 4

transfer if doing so would merely shift the inconvenience of litigation from one party to the other. *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 541 (N.D. Cal. 2005).

### III. Conclusion

Accordingly, for the reasons given above, **IT IS HEREBY ORDERED**: Defendants' Motion for Change of Venue **(Ct. Rec. 10)** is **DENIED.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this _____21st_____ day of July 2010.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2010\111.venue.wpd

ORDER * 5