UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PACIFIC COAST TRAILERS, LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>COZAD TRAILER SALES, LLC, a limited liability company; TOM PISTACCHIO and DELORES PISTACCHIO, and their marital community,<br><br>             Defendants. | NO. CV-10-111-EFS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

A hearing occurred in the above-captioned matter on August 24, 2010. Kevin W. Roberts and Jason T. Piskel appeared for Pacific Coast Trailers, LLC ("Pacific Coast"); Brian H. Krikorian appeared on behalf of Defendants Cozad Trailer Sales, LLC ("Cozad") and Tom and Delores Pistacchio (collectively, "Defendants"). Before the Court was Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 22). After reviewing the submitted materials and relevant authority, and hearing from the parties, the Court is fully informed and grants Plaintiff's motion for preliminary injunction. This Order serves to supplement and memorialize the Court's oral rulings.

/

ORDER * 1

## I. BACKGROUND

The trailer-making Reliance entities included Reliance Trailer Manufacturing Corporation ("Reliance Mfg."), a California corporation, and Reliance Trailer Co., LLC ("Reliance LLC"), a Spokane company. The two companies shared owners and management. This dispute arose because each party claims that one of the Reliance entities transferred the right to use the RELIANCE trademark to it.

Reliance Mfg. owned trademarks for the names RELIANCE, STURDYWELD, ALLOY, and COMET, and properly assigned the marks STURDYWELD, ALLOY, and COMET to Reliance LLC. (Ct. Rec. 25, Ex. 5, ¶ 6.) Reliance Mfg. remains the registered owner of the RELIANCE mark; there is no evidence that it was ever assigned.

Sterling Savings Bank ("Sterling"), a Washington bank, lent money to Reliance LLC twice, securing the loans with Reliance LLC's assets. After Reliance LLC defaulted on the loans, it filed a Chapter 11 bankruptcy petition in the Northern District of California. Reliance LLC's manager and registered agent Brian Ling, a California resident, listed the RELIANCE trademark among its assets. (Ct. Rec. 28, Ex. 1, 2, 3.) Sterling obtained relief from the automatic bankruptcy stay because it had found a purchaser for LLC's assets.

On March 12, 2010, Cozad purchased for $300,000 any interest Sterling had in Reliance LLC, which included "all names and goodwill" and "all trademarks" Sterling received from Reliance LLC. (Ct. Rec. 25, Ex. 5.) The purchase price allocated to intangible assets was $50,000. *Id*. In the Bill of Sale related to that Agreement, Sterling sold "without warranties of any kind, all of [Sterling]'s right, title and interest, *if any*, in (1) the trade names 'Reliance Trailer,' 'Sturdy Weld,' 'Alloy

ORDER ~ 2

Trailers,' and 'Comet Trailers' and the word mark 'Sturdy Weld'." *Id*. (emphasis added). Thereafter, Sterling assigned the names STURDYWELD, ALLOY, and COMET to Cozad, but never assigned the RELIANCE mark. (Ct. Rec. 29, Exs. 1-3.)

On March 15, 2010, Pacific Coast entered into a Licensing Agreement with Reliance Mfg., whereby Pacific Coast obtained exclusive use of the RELIANCE trademark. (Ct. Rec. 25, Ex. B.)

Pacific Coast intends to build its business around the RELIANCE trademark and logo, but claims it cannot do so if Cozad is allowed to use RELIANCE as its own. Cozad maintains it purchased the RELIANCE mark with the goodwill of Reliance LLC three days *before* Pacific Coast obtained its exclusive license.

On March 16, 2010, and just one day after signing the Licensing Agreement, Pacific Coast filed an action for trademark infringement in Spokane County Superior Court.[1] The Superior Court granted Pacific Coast's motion for a temporary restraining order, preventing Cozad and its owners from using the RELIANCE name.[2] (Ct. Rec. 25, Ex. 2.) The

---

[1] The parties are also involved in a similar lawsuit currently before Judge Ishii in the Eastern District of California. There, Cozad sued Pacific Coast and others over rights and title to the RELIANCE mark. (Ct. Rec. 28, Ex. 7.)

[2] This TRO remained in effect for fourteen days, but was extended until April 23, 2010, by stipulation. (Ct. Rec. 25, Ex. 3.) The parties further stipulated that the TRO would remain in effect until June 20, 2010. *Id*. at Ex. 4.

ORDER ~ 3

matter was subsequently removed to this Court. Since the TRO lapsed on June 20, 2010, Cozad has been developing, marketing, and announcing its acquisition of the Reliance name. (Ct. Rec. 24, Ex. A.) Pacific Coast now seeks a preliminary injunction prohibiting Cozad from selling or marketing goods using the RELIANCE trademark and conducting business in the RELIANCE name.

## II. DISCUSSION

### A.   Preliminary Injunction Standard

A preliminary injunction may be issued to maintain the status quo if the plaintiffs establish that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. NRDC*, 129 S. Ct. 365, 374 (2008); *Alliance for the Wild Rockies v. Cottrell*, --- F.3d ---, 2010 WL 2926463 (9th Cir. July 28, 2010). Each test will be discussed in turn.

### B.   Likelihood of Success on the Merits

Pacific Coast claims it can establish a likelihood of success on the merits because it holds an exclusive right to use the RELIANCE name. To prevail on a trademark infringement claim, Pacific Coast must demonstrate 1) a protectable interest in a valid mark, and 2) unauthorized use of the mark which "is likely to cause confusion, or to cause mistake, or to deceive." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009). Registration is prima facie evidence of ownership; a party may rebut the presumption by demonstrating it is the actual owner or

ORDER * 4

otherwise has exclusive right to use the mark.  15 U.S.C. § 1057(b) (stating registration of a mark is prima facie evidence of ownership); *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007).

The Court finds that Pacific Coast has demonstrated a likelihood of success on the merits.  First, Pacific Coast holds "an exclusive, royalty bearing right and license" to use the RELIANCE name, which it obtained from the presumed owner of the RELIANCE trademark, Reliance Mfg.  Thus, Pacific Coast can likely prove it obtained a valid, protectable interest in the RELIANCE trademark.

Second, Cozad's use is likely unauthorized.  Cozad attempts to rebut Reliance Mfg.'s presumed ownership by claiming that it purchased from Sterling all the assets and goodwill listed in Reliance, LLC's bankruptcy schedule, which included the RELIANCE mark.  Although a trademark may be validly assigned by sale or operation of law via bankruptcy, *Eh Yacht, LLC v. Egg Harbor, LLC,* 84 F. Supp. 2d 556, 567 (N.J. 2000), a transferor cannot convey any more interest than he or she has.  *See Electro-Coatings, Inc. v. Precision Nat'l Corp.,* 204 U.S.P.Q. (BNA) 410, 419-20 (Trademark Trial & App. Bd. 1979).  But for the fact that the RELIANCE mark was listed in Reliance LLC's bankruptcy schedule, there is no evidence that Reliance LLC (or Sterling) ever owned or obtained any interest in the RELIANCE mark.  Furthermore, the fact that Sterling assigned to Cozad the marks for STURDYWELD, ALLOY, and COMET but not RELIANCE indicates that Sterling is at least uncertain whether it owned any interest in the RELIANCE trademark in the first place.  If Sterling

ORDER ~ 5

never owned any interest in the mark, it could not have transferred any interest to Cozad. Thus, Cozad has failed to rebut the presumption that Reliance Mfg. owns the RELIANCE trademark and could properly license it to Pacific Coast.

Third, Pacific Coast can likely prove that Cozad has been using the RELIANCE name to market its company in the same industry and without Pacific Coast's consent (Ct. Rec. 24, Ex. A), which the Court finds is likely to cause confusion as to the trademark's source. Accordingly, Pacific Coast has demonstrated a likelihood of success on the merits.

### C. Irreparable Harm

Pacific Coast claims it is likely to suffer irreparable harm in the absence of a preliminary injunction barring Cozad's use of the RELIANCE mark. Once a likelihood of confusion is established, it is presumed that a plaintiff will suffer irreparable harm. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1066 (9th Cir. 1999); *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 86, 92-93 (9th Cir. 1989). Likewise, injury to a business' reputation or goodwill is presumed to be irreparable due to the difficulty in calculating such harm. *Rent-A-Center, Inc. v. Canyon Television & Appliance*, 944 F.2d 597, 603 (9th Cir. 1991).

The Court finds that Pacific Coast is likely to suffer irreparable harm. Pacific Coast has not yet entered the market, but intends to build its company around the RELIANCE trademark and logo. In the absence of a preliminary injunction, Pacific Coast will likely suffer as a result of market dilution and confusion, loss in profits, and potential harm to its goodwill. It is immaterial that Pacific Coast cannot prove the

ORDER ~ 6

Cozad's use *actually* caused irreparable harm; Pacific Coast need only demonstrate that Cozad's use *is likely to* cause irreparable harm. Pacific Coast has satisfied that burden.

### D. Balance of Hardships

The balance of hardships, although close, tips in Pacific Coast's favor. Cozad has invested funds to develop and market products using the RELIANCE name and marks. However, Pacific Coast will likely endure hardships associated with market dilution, profit loss, and potential harm to its goodwill and reputation, hardships that are particularly harmful when suffered during the formative stages of business development.

### E. Public Interest

A preliminary injunction is in the public interest. The public is entitled to a clear understanding of the source of a product or service. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 782 n.15 (1992)(Stevens, concurring) (quoting Lanham Act of 1946, S. Rep. No. 1333, at 3 (1946)); *Inwood Labs, Inc. v. Ives Labs, Inc.*, 456 U.S. 844, 855 (1982) (recognizing consumer's interest in distinguishing goods among competitors as one of two goals of trademark law). Because Cozad and Pacific Coast both intend to use the RELIANCE name in the trailer market, this type of concurrent use is likely to mislead the public about the origin of the RELIANCE name. Thus, the public will benefit if Cozad ceases use.

### F. Security for the Injunction

Under Federal Rule of Civil Procedure 65(c), a court may issue a preliminary injunction only if "the movant gives security in an amount

ORDER ~ 7

that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Because the Purchase Agreement between Sterling and Cozad allocated $50,000 for *all* goodwill and intangible assets associated with the sale of Reliance LLC, the Court finds that a $25,000 bond is proper to pay the costs and damages sustained by Cozad if it is ultimately wrongfully enjoined from using the RELIANCE trademark.

### III. Conclusion

Accordingly, for the reasons given above, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Preliminary Injunction **(Ct. Rec. 22)** is **GRANTED**. Pacific Coast is to post a bond in the amount of **$25,000** to be posted for the preliminary injunction.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 1st day of September 2010.

                                    s/Edward F. Shea
                                    EDWARD F. SHEA
                            United States District Judge

Q:\Civil\2010\111.PI.wpd

ORDER * 8