UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| PACIFIC COAST TRAILERS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>COZAD TRAILER SALES, LLC., a limited liability company, TOM PISTACCHIO and DELORES PISTACCHIO, and their marital community,<br>                         Defendants. | CIVIL NO. CV-10-111-EFS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION**<br><br>Date:  December 3, 2010<br>Time:  1:30 p.m.<br>Judge:  Edward F. Shea<br>Place:  Richland Courthouse |

Defendants Cozad Trailer Sales LLC ("Cozad"), Tom Pistacchio, and Delores Pistacchio submit the following Memorandum of Points and Authorities in Support of Motion for Dissolution of Preliminary Injunction ("Motion").

## 1. INTRODUCTION

Cozad moves this Court for Dissolution of the Preliminary Injunction enjoining Cozad's use of the "Reliance" trademarks because changed circumstances warrant its dissolution. Subsequent to the Court's Order granting the Preliminary Injunction, Reliance Trailer Manufacturing ("Reliance Mfg") terminated its Licensing Agreement with Plaintiff Pacific Coast Trailers, LLC ("Pacific Coast") and assigned the "Reliance" trademarks to Cozad. These

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 1

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone: (206) 547-1942
Fax: (425) 732-0115

changed circumstances render the Preliminary Injunction inequitable because Cozad now clearly owns the "Reliance" trademarks, but is being prevented from using them pursuant to the Preliminary Injunction.

## 2. RELEVANT PROCEDURAL HISTORY

On July 26, 2010, Pacific Coast filed a Motion for Preliminary Injunction (Ct. Recs. 22-26) requesting this Court issue a Preliminary Injunction preventing Cozad from selling or using the "Reliance" trademarks[1] and from conducting business using the "Reliance" trade name. Pacific Coast based its Motion for Preliminary Injunction on their contention that the Reliance Trademarks were owned by Reliance Mfg., and that Reliance Mfg. licensed the trademarks to Pacific Coast pursuant to a Licensing Agreement dated March 15, 2010 (the "Licensing Agreement").

Cozad opposed Pacific Coast's Motion for Preliminary Injunction on the grounds that the Reliance Trademarks were part of the personal property assets of Reliance Trailer Co., LLC ("Reliance LLC") and were purchased by Cozad from Sterling Savings Bank ("Sterling") pursuant to a Purchase Agreement dated March 12, 2010 (the "Purchase Agreement") after Sterling foreclosed on Reliance LLC's assets, including the Reliance Trademarks. Cozad understood it had purchased the trademarks from Sterling, in part, because the "Reliance Trademark" was listed on Schedule B of Reliance LLC's bankruptcy documents, the accuracy of which was attested to under penalty of perjury by Brian Ling, Managing Member of Reliance LLC and President and CEO of Reliance Trailer Mfg. (See generally, Ct. Recs. 28-29.)

On September 1, 2010, this Court issued an Order Granting Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 35) ("Order"). Pursuant to the Order, the Court determined that Pacific Coast demonstrated a likelihood of success on the merits of its case because it holds an exclusive license to the Reliance Trademarks and the "Reliance" trade name, which it obtained

---

[1] There are three "Reliance" trademarks at issue: United States Patent and Trademark Office ("USPTO") Registration Nos. 2866427, 1736413, and 0932117 (collectively, the "Reliance Trademarks").

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 2

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone: (206) 547-1942
Fax: (425) 732-0115

from Reliance Trailer Mfg., the presumptive owner. (Order at 5:10.) The Court also determined that "Cozad's use is likely unauthorized" because Cozad failed to establish its rights or interest in the Reliance Trademarks, and Pacific Coast can likely prove that Cozad has been using the "Reliance" name without Pacific Coast's consent. (Order at 5:11-6:9.) The Court also held that Cozad's use is likely to cause confusion as to the source of goods bearing the Reliance Trademarks, which would cause Pacific Coast to suffer irreparable harm.

## 3. STATEMENT OF CHANGED CIRCUMSTANCES

On September 7, 2010, following the issuance of the Order granting Pacific Coast's Motion for Preliminary Injunction, Reliance Trailer Mfg., terminated the Licensing Agreement with Pacific Coast Trailers. Donald Ling, Chairman of the Board,[2] and Brian Ling, President and CEO, signed the Notice of Termination of License Agreement on behalf of Reliance Trailer Manufacturing. (Exhibit A to the Declaration of Sherrie M. Flynn ("Flynn Dec."), filed herewith).

On September 9, 2010, Reliance Trailer Mfg. assigned all of its worldwide rights, title and interest in the Reliance Trademarks to Cozad. Brian Ling, President and CEO of Reliance Trailer Mfg. executed the Trademark Assignment. (Flynn Dec., Exhibit B.)

On September 13, 2010, the Assignment of the Reliance Trademarks was recorded in the United States Patent and Trademark Office. Notice of Recordation was sent to Cozad's California Counsel on September 14, 2010. (Flynn Dec., Exhibit C.)

On September 14, 2010, Cozad sent a letter to Pacific Coast, notifying Pacific Coast that, if for any reason the Licensing Agreement was not already terminated based on the previous notice by Reliance Trailer Mfg., the Reliance Trademarks and "Reliance" trade name are no longer available for licensing pursuant to paragraph 3.3 of the Licensing Agreement. Cozad's letter effectively cancelled all remaining rights, if any, granted to Pacific Coast under the Licensing Agreement. (Flynn Dec., Exhibit D.) Further, Cozad's letter to Pacific Coast also

---

[2] Donald Ling previously executed the Licensing Agreement on behalf of Reliance Trailer Mfg.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 3

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone: (206) 547-1942
Fax: (425) 732-0115

1  indicated that Cozad believes that the Licensing Agreement is invalid and/or unenforceable, at
2  least for the reason that the Licensing Agreement contains no provision for quality control of the
3  products or services using the Reliance Trademarks.

4  **4.  ARGUMENT**

5  Federal Rule of Civil Procedure 60(b) permits a Court to grant relief from an Order for
6  any reason that justifies relief.  Fed. R. Civ. P 60(b)(6).  Additionally, a trial court has inherent
7  power to modify or dissolve an injunction issued by it at any time on consideration of new facts.
8  *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) citing *System
9  Federation No. 91 Railway Employees' Dep't. v. Wright*, 364 U.S. 642, 647-48 (1961), *Collum v.
10 Edwards*, 578 F.2d 110, 112 (5th Cir. 1978).  Modification of an injunction is proper when a
11 change in circumstances occurs between entry of the order granting the injunction and filing of
12 the motion for modification or dissolution, and the changed circumstances render the injunction
13 inequitable.  See *Favia v. Indiana Univ.*, 7 F.3d 332, 337-338 (3d Cir. 1993); *Dickinson v. Blue
14 Cross*, 1997 U.S. App. LEXIS 17387 (9th Cir. July 8, 1997).  "A motion to modify a preliminary
15 injunction is meant only to relieve inequities that arise after the original order."  *Credit Suisse
16 First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) citing *Favia* at 338.  Such
17 motion to modify or dissolve may be brought at any time before entry of final judgment.  *Credit
18 Suisse* at 1124; see also *Napster* at 1098.

19 As detailed below, changed circumstances render the Preliminary Injunction issued by
20 this Court on September 1, 2010 inequitable, and warrant its dissolution.

21  **A.  The Preliminary Injunction is Inequitable**

22 Cozad, if not previously the owner of the Reliance Trademarks pursuant to the terms of
23 the Purchase Agreement, is now clearly the owner of the Reliance Trademarks, having been
24 assigned all right, title and interest in the trademarks by Reliance Trailer Mfg.  Yet, Cozad is
25 being prevented from using the Reliance Trademarks and the "Reliance" trade name under the
26 provisions of the Preliminary Injunction.  Although it has made a significant investment of

DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR
DISSOLUTION OF PRELIMINARY INJUNCTION - 4

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone:  (206) 547-1942
Fax:   (425) 732-0115

resources into the marketing and development of products that will carry the "Reliance" trademark (Order at 7:5-7; Declaration of Tom Pistacchio in Opposition to Plaintiff's Motion for Preliminary Injunction, (Ct. Rec. 29) at ¶ 4), so long as the Preliminary Injunction is in place, Cozad cannot realize any return on its investment. These circumstances are inequitable.

Moreover, the circumstances under which this Court granted the Preliminary Injunction no longer exist. Because of the recent events detailed above, Pacific Coast does not have a likelihood of success on the merits of its case, it will not suffer irreparable harm without the Preliminary Injunction in place, and the balance of hardships now tips significantly in Cozad's favor. These circumstances also warrant dissolution of the injunction.

**B.  Because Cozad Owns the Reliance Trademarks, Pacific Coast Does Not Have a Strong Likelihood of Success on the Merits of its Case**

In its Order, the Court found that Pacific Coast demonstrated a likelihood of success on the merits because Pacific Coast "holds 'an exclusive, royalty bearing right and license' to use the RELIANCE name, which it obtained from the presumed owner of the RELIANCE trademark, Reliance Mfg." (Order at 5:5-8.). However, because Reliance Trailer Mfg. terminated the Licensing Agreement on September 7, 2010 and notified Pacific Coast that Pacific Coast's use of the Reliance Trademarks and "Reliance" trade name is prohibited, Pacific Coast can no longer demonstrate a valid protectable interest in the trademarks and "Reliance" trade name.

Further, Cozad can now demonstrate its ownership of the Reliance Trademarks. On September 9, 2010, Reliance Trailer Mfg. assigned its entire right, title and interest in the Reliance Trademarks to Cozad. (Exhibit B to Flynn Dec.)  The Trademark Assignment was recorded with the U.S. Trademark Office on September 13, 2010. (Exhibit C to Flynn Dec.) These documents establish that effective September 9, 2010, Cozad is the owner of the Reliance Trademarks.

In addition, even if Pacific Coast should dispute Reliance Mfg.'s termination of the

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 5

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone:  (206) 547-1942
Fax:   (425) 732-0115

Licensing Agreement, Cozad, as assignee of all right, title and interest in the Reliance Trademarks, gave proper notice to Pacific Coast, pursuant to the terms of the Licensing Agreement, that the Reliance Trademarks and "Reliance" trade name are no longer available for licensing to Pacific Coast. The terms of the Licensing Agreement permit such cancellation of the license for Licensed Material, pursuant to paragraph 3.3, which states:

> 3.3. *Cancellation of Licensed Materials*. Licensor may ***at any time during the term of this Agreemen****t* notify Licensee that certain Licensed Materials are no longer available for licensing under this Agreement. Upon such notification within thirty (30) days after receiving Licensor's notice Licensee shall return to Licensor (or, at Licensor's option, destroy and provide written confirmation to Licensor) all digital or tangible media containing the Licensed Materials. (Emphasis added).

(Ct. Rec. 1-1, p. 16 of 45.)

Pursuant to paragraph 1.1 of the Licensing Agreement, "Licensed Materials" are defined as the "Reliance" trademarks and the "Reliance" trade name. In any case, whether by Reliance Trailer Mfg. or by Cozad, Pacific Coast's licensing rights under the Licensing Agreement have been terminated and/or cancelled. Even if Pacific Coast could argue that the Licensing Agreement itself is valid for 5 years, as a matter of contract, it no longer has the right to use the "Licensed Materials", i.e. the "Reliance" trade name. Moreover, Pacific Coat cannot be heard to complain that the agreement or its terms are unfair or ambiguous, since Pacific Coast and its members have previously testified that they participated in the drafting and preparation of the Licensing Agreement. Accordingly, any ambiguity or uncertainty in the terms is construed against Pacific Coast – not Cozad. Pacific Coast no longer has a likelihood of success on the merits of its case.

**C.    Because Pacific Coast Has No Right or Interest in the Reliance Trademarks, It Cannot Establish That It Will Suffer Irreparable Injury**

In its Order, this Court recognized that irreparable harm is presumed once a likelihood of confusion is established. (Order at 6:13-14.) However, now that Cozad has established its ownership of the Reliance Trademarks, Cozad's use does not create confusion as to the source of

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 6

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone:  (206) 547-1942
Fax:   (425) 732-0115

its goods.  To the contrary, if Pacific Coast were to use the Reliance Trademarks in the same industry and without Cozad's consent, Pacific Coast's use would be a source of confusion to Cozad's customers and would cause Cozad to suffer loss of profits, loss of goodwill and irreparable harm to its business reputation.  Consequently, it is Cozad, not Pacific Coast that will suffer irreparable harm.

### D. The Balance of Hardships Now Favor Cozad Because Cozad is the Rightful Owner of the Reliance Trademarks.

As the Court recognized, Cozad has made significant investments to market and develop products using the "Reliance" name.  (Order at 7:5-7.)  Prior to the changed circumstances detailed in this Motion, the Court considered the balance of hardships to be "close."  (Order at 7:5-6.)  Now that Cozad has demonstrated its ownership rights in the Reliance Trademarks, and has demonstrated that Pacific Coast's rights to use the Reliance Trademarks and "Reliance" trade name under the Licensing Agreement have been terminated and/or cancelled, the balance of hardships significantly shifts to Cozad, and the balance no longer tips in favor of Pacific Coast.

## 5. CONCLUSION

For the foregoing reasons, Defendants request the Court grant its Motion for Dissolution of the Preliminary Injunction previously granted to Pacific Coast Trailers.

Dated:  September 17, 2010

By /s Brian H. Krikorian

WSBA #27861
2110 N. Pacific Street, Suite 100
Seattle, Washington 98103
Telephone: (206) 547-1942
Fax:  (425) 732-0115
Email:  bhkrik@bhklaw.com

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISSOLUTION OF PRELIMINARY INJUNCTION - 7

LAW OFFICES OF BRIAN H. KRIKORIAN
2110 N PACIFIC STREET, SUITE 100
SEATTLE, WA 98103
Telephone:  (206) 547-1942
Fax:   (425) 732-0115